# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| MARIETTA MCCLENDON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-00404 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, | ) | MAGISTRATE JUDGE BROWN |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion to Certify Class. (Doc. No. 134; corrected copy filed at Doc. No. 143). Defendant filed a response (Doc. No. 173), Plaintiff filed a reply (Doc. No. 183). Almost three months after filing the initial motion to certify class, Plaintiff requested leave to file a supplemental memorandum in support of the motion for class certification. (Doc. No. 156).[1] Defendant filed an opposition to Plaintiff's motion to supplement the motion for class certification (Doc. No. 159), Plaintiff filed a reply (Doc. No. 164), and Defendant filed a sur-reply (Doc. No. 167). Following the Court's ruling on the motions for summary judgment, the parties each filed supplemental briefs on the motion for class certification. (Docs. Nos. 192 and 194).

For the reasons below, Plaintiff's Motion to Certify Class (Doc. No. 134) is **GRANTED / DENIED**. Plaintiff's Motion to File a Supplemental Memorandum in Support of the Motion for Class Certification (Doc. No. 156) is **MOOT**.

---

[1] Plaintiff filed the Motion to Certify Class (Doc. No. 134) on February 15, 2019, and the proposed supplemental memorandum (Doc. No. 156) on May 10, 2019.

## I. BACKGROUND

Plaintiff Marietta McClendon was the beneficiary of a life insurance policy purchased in 1984 by her mother to insure the life of Plaintiff's brother. The policy face value was $10,000 and included two policy riders that had 27-year terms. In 1995, Plaintiff's mother took out loan against the policy in the amount of $1,533.90 at an interest rate of 5%. When Plaintiff's brother passed away on March 16, 2016, Defendant calculated that the benefit due on the policy was $4,896.46 and issued a check for this amount. In so doing, Defendant incorrectly applied a 6% interest rate. When notified by Plaintiff of this mistake, Defendant corrected the interest calculation and issued Plaintiff a check in the amount of $299.36, representing the 1% difference in interest. Plaintiff was not satisfied with the interest calculation and did not cash the check.

In addition to the incorrect interest rate, Plaintiff claims Defendant did not properly apply payments made by her mother toward the loan amount and continued charging rider premiums beyond the 27-year term. The rider premiums collected from 2011 (the expiry of the original 27-year term) to 2016 totaled $92.80. Defendant's records show that two payments were made toward the original loan balance — $160 in 2004 and $400 in 2006. Plaintiff claims that her mother had paid of the loan entirely and that Defendant failed to properly credit the account.

Alleging similar problems affected thousands of policy holders, Plaintiff filed a class action complaint against Defendants on behalf of herself and all others similarly situated. The Court dismissed Plaintiff's claims for unjust enrichment, and violation of the Alabama Deceptive Trade Practices Act, Ala. Code §8-19-1 *et seq.* and the North Carolina Unfair or Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1 *et seq.* (*See* July 26, 2019 Order, Doc. No. 188). Plaintiffs sole remaining claim is for breach of contract.

The breach of contract claim is based on: (1) application of the incorrect interest rate to the policy loan; (2) failure to properly credit payments toward the policy loan; and (3) collection of rider premiums beyond the rider term. The Court's July 26, 2019 Order and Memorandum (Doc. No. 188, 189) addressed these breach of contract claims — granting summary judgment to Plaintiff on the issue of the interest rate and denying summary judgment to Plaintiff as to the application of loan payments and collection of premiums for policy riders.

Although the Court denied Plaintiff's motion for summary judgment as to the rider payments, the denial was not because there were disputed issues of material fact that should be resolved at trial. Rather, the Court held as a matter of law that the alleged conduct – continued billing and acceptance of payments for the policy riders – did not constitute a breach of contract under Alabama law. (*See* Memorandum, Doc. No. 189 at 14-15). Because Defendant did not move for summary judgment on this issue, the claim is left in a peculiar procedural position where the Court has held that Plaintiff does not state a claim as a matter of law, yet the claim is technically still live.

With the claims at this point of resolution, Plaintiff seeks to certify the following two plaintiff classes:

(1) Loan Class – All policy holders and beneficiaries of Assumed Policies against which the policyholder took out a policy loan; and

(2) Rider Class – All policyholders and beneficiaries of Assumed Policies whose policies included additional rider benefits for terms less than life.

Plaintiff seeks certification under Federal Rule of Civil Procedure 23(b)(3) that allows certification of a class when "questions of law or fact common to the class predominate over any questions affecting only individual members" and "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). After filing the

motion for class certification, Plaintiff moved to file a supplemental memorandum in support of the motion for class certification to add as an additional ground for class certification that the class should be certified as a limited fund under Fed. R. Civ. P. 23(b)(1)(B). (Doc. No. 156). Defendant opposes the motion to assert a new basis for class certification as untimely. (Doc. No. 159).

## II. ANALYSIS

Rule 23 of the Federal Rules of Civil Procedure governs class certification. "The class suit was an invention of equity to enable it to proceed to a decree in suits where the number of those interested in the subject of the litigation is so great that their joinder as parties in conformity to the usual rules of procedure is impracticable." *Hansberry v. Lee,* 311 U.S. 32, 41 (1940). Thus, a class action under Rule 23 constitutes an "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). The Court has broad discretion in deciding whether to certify a proposed class. *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

In considering class certification, the court must engage in "rigorous analysis" to ensure satisfaction of Rule 23's requirements. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982); *Am. Med. Sys.,* 75 F.3d at 1079; *Cross v. Nat'l Trust Life Ins. Co.,* 553 F.2d 1026, 1029 (6th Cir. 1977). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Dukes,* 564 U.S. at 351 (internal quotation marks and citations omitted).

A motion for class certification under Rule 23 requires a two-part analysis. First, class members must "satisfy all four of the Rule 23(a) prerequisites—numerosity, commonality, typicality, and adequate representation." *Young v. Nationwide Mut. Ins. Co*., 693 F.3d 532, 537 (6th Cir. 2012) (citing *Sprague v. Gen. Motors Corp*., 133 F.3d 388, 397 (6th Cir. 1998) (*en banc*)). These four requirements serve to limit class claims to those that are fairly encompassed within the claims of the named plaintiffs because class representatives must share the same interests and injury as the class members. *Dukes,* 564 U.S. at 349. Second, the class must fall within one of the three types of class actions listed in Rule 23(b). *Young*, 693 F.3d at 537. Failure to meet any of these elements will result in the denial of class certification. "The party seeking class certification has the burden to prove the Rule 23 certification requirements." *Id*. (citing *Am. Med. Sys.,* 75 F.3d at 1079).

**A. The Loan Class**

Plaintiff proposes to certify a loan class consisting of "all policy holders and beneficiaries of Assumed Policies against which the policyholder took out a policy loan." (Pl. Mem., Doc. No. 143 at 8). The claims asserted on behalf of the loan class are that Defendant is liable for breach of contract by applying an incorrect interest rate to policy loans and failing to properly credit loan payments toward the loan balance.

The central issue regarding certification of the proposed loan class is the requirement that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is essential because where there are common questions of law or fact, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano*, 442 U.S. at 700–01).

Regarding the requirement of commonality, the Sixth Circuit has stated:

> To demonstrate commonality, plaintiffs must show that class members have suffered the same injury. *Dukes,* 564 U.S. at 349-50. Plaintiff's claims must depend upon a "common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* This inquiry focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit. *Id.*

*In Re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013).

The Supreme Court has noted, however, that "[a]ny competently crafted class complaint literally raises common 'questions.'" *Dukes*, 564 U.S. at 349 (citations omitted). The essential commonality inquiry, therefore, is not whether common questions exist, "but rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* at 350 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U.L. REV. 97, 132 (2009)).

It is with this threshold question of commonality that Plaintiff's motion for class certification fails. Plaintiff is unable to identify a common question capable of resolution in a class wide proceeding. Plaintiff's proposed trial plan highlights this deficiency. Plaintiff proposes the following:

> The Court conduct a single phase trial, at which Plaintiff would present to a jury evidence concerning [Defendant's] uniform wrongful conduct and classwide liability for the aspects of Plaintiff's breach of contract claim on which the Court did not already grant summary judgment in Plaintiff's favor (i.e. policy loan interest overcharges made prior to March 2011, misapplication of policy loan payments, and rider overcharges), classwide injunctive relief, and classwide damages.

(Pl. Supp. Br., Doc. No. 194 at 8).

The core common issue identified by Plaintiff is the allegation that Defendant's "uniform conduct in administering all Class members' policies in the same way breaches the common terms of the contract." (*Id*. at 10). Only one aspect of that "common question" is capable of classwide resolution at trial – whether Defendant uniformly administered the policies – and that determination has little bearing on Plaintiff's claim for breach of contract.

Importantly, uniform administration of policies in and of itself is not inherently wrongful conduct that if proven inevitable results in a breach of contract. Moreover, the key question – whether that uniform administration resulted in a breach of contract – is not capable of classwide resolution because the contracts themselves are not uniform. That Defendant uniformly applied the interest rate in its database to each contract does not establish a breach of any of those contracts – an examination of the terms of each contract as compared with the interest rate in the database would be required. Class certification on this issue would result in the exact opposite of classwide resolution of an issue — each claim would still require separate adjudication as to liability and damages. Indeed, the Court's grant of summary judgment in favor of Plaintiff on the 1% interest rate overcharge has absolutely no bearing on the claims of other class members.

Likewise, with regard to the claim that Defendant did not properly credit loan payments, Plaintiff does not allege a common question that is capable of classwide resolution. A determination that loan payments were not properly applied to loan balances will require a case-by-case examination of each loan, the payments made on the loan, and the payor's intent with regard to each payment. There is no common question capable of classwide resolution.

Furthermore, because the contracts at issue are life insurance contracts, whether there was a breach of contract ultimately requires a showing that the proceeds were not paid as required by the policy. This, in turn, necessitates a determination of whether the policies themselves have

7

defaulted, lapsed, expired, or were surrendered. In sum, both of the questions presented – (1) did Defendant apply an incorrect interest rate; and (2) did Defendant misapply loan payments – require resolution of issues individual to each contract and not capable of classwide resolution.

Plaintiff has not shown that there are "questions of law or fact common to the class," Plaintiff's motion to certify the loan class is DENIED. Because Plaintiff has failed to establish this element, the Court need not consider whether the requirements of Rule 23(b) have been met. *See Whirlpool*, 722 F.3d at 850 (To obtain class certification, plaintiff must meet the requirements of Rule 23(a) *and* at least one of the requirements of Rule 23(b)).

## B. The Rider Class

Plaintiff seeks to certify a rider class consisting of "all policyholders and beneficiaries of Assumed Policies whose policies included additional rider benefits for terms less than life." The claims asserted on behalf of the rider class are that Defendant is liable for breach of contract for charging and collecting premiums for additional benefit coverage after the term of the additional benefits had expired.

### 1. Numerosity

While no strict numerical test exists to define numerosity under Rule 23(a)(1). Rule 23(a)(1) requires a proposed class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "When class size reasons substantial proportions … the impracticability requirement is usually satisfied by numbers alone." *Am. Med. Sys.*, 75 F.3d at 1079. Plaintiff alleges several thousand policies included riders and proposes that the Rider Class include all policyholders and beneficiaries these policies. Defendant does not dispute the number of policies with riders. This is sufficient to show numerosity.

## 2. Commonality

Plaintiff asserts Defendant charged and collected premiums for additional benefit coverage after the term of the additional benefits had expired and that this constituted a breach of contract. Commonality requires only that there is one question common to the class. *Sprague*, 133 F.3d at 397. Though the contracts themselves are not uniform, the legal question of whether the billing and collection of premiums beyond the term of the rider constitutes a breach of contract is capable of classwide resolution.

## 3. Typicality and Adequacy

Typicality and adequate representation are often intertwined, and courts frequently consider them together. *See Whirlpool*, 722 F.3d at 852-5. Typicality is met if the class members' claims are "fairly encompassed by the named plaintiffs' claims." *Id*. at 852-53 (citing *Sprague*, 133 F.3d at 399). The typicality requirement insures that the representative's interests are aligned with the interests of the class members so that, by pursuing their own interests, the class representative also advocates the interests of the class members. *Id.*

The requirement that "the representative parties will fairly and adequately protect the interests of the class" protects the due-process interests of unnamed proposed class members who are bound by any judgment in the action. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 379 n. 5 (1996) (characterizing adequacy of representation as a constitutional requirement); *Am. Med. Sys.*, 75 F.3d at 1083 (adequacy requirement is "essential to due process"). The Sixth Circuit employs the following two-prong test to determine adequacy: (i) the class representatives must have common interests with the putative class members; and (ii) the representatives must "vigorously prosecute the interests of the class through qualified counsel." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013). Together with commonality, typicality and

adequacy serve as "guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Whirlpool*, 722 F.3d at 853 (*citing Dukes,* 564 U.S. 349 n. 5).

The breach of contract claim attributed to the proposed rider class alleges that Defendant continued to bill and accept payments for policy riders beyond their stated term. The Court considered this claim on Plaintiff's motion for summary judgment and held the alleged conduct does not constitute a breach of contract. (*See* Memorandum, Doc. No. 189 at 14-15; and Order, Doc. No. 188).

Although courts generally do not consider the merits of a claim at the class certification stage, "some overlap with the merits of plaintiffs underlying claim" is inevitable. *Dukes*, 564 U.S. at 351. This case, however, is in the unusual posture where the Court has already decided, as a matter of law, that the alleged conduct does not constitute a breach of contract; yet, the claim has not been dismissed because it was Plaintiff who moved for summary judgment on this issue. Given that the Court has issued an unfavorable ruling on this portion of Plaintiff's breach of contract claim, the Court is not satisfied that the claims of the class are "fairly encompassed by the named Plaintiff's claims" or that she will adequately represent the class on this claim. In fact, pursuant to the ruling on the Plaintiff's motion for summary judgment, the claim is almost certain to be dismissed. It is untenable for Plaintiff to represent a class with regard to a claim on which she has already received an unfavorable ruling.

The Court finds that Plaintiff cannot establish the prerequisites to class certification of typicality and adequacy of representation. Accordingly, the motion to certify the rider class is DENIED. Because Plaintiff has failed to establish these prerequisites to class certification, the

Court need not consider whether the other requirements of Rule 23 have been met. *See Whirlpool*, 722 F.3d at 850 (To obtain class certification, plaintiff must meet the requirements of Rule 23(a) *and* at least one of the requirements of Rule 23(b)).

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion to Certify Class is **DENIED**. Because the Plaintiff failed to establish the prerequisites for class certification under Fed. R. Civ. P. 23(a) and the Court did not consider whether the proposed class met the requirements of Fed. R. Civ. P. 23(b), Plaintiff's motion for leave to file a supplemental memorandum asserting an additional basis for class certification under Rule 23(b) is **MOOT**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE